# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-760V
(not to be published)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * * * | | |
| DENIS J. ROWAN, *as the personal representative of the estate of* | * * * | Chief Special Master Corcoran |
| DOROTHY A. ROWAN, | * * | Filed: November 17, 2020 |
| Petitioner, | * * * | |
| v. | * * * | Attorney's Fees and Costs; Expert Costs. |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * | |
| Respondent. | * * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Curtis Webb,* Twin Falls, ID, for Petitioner.

*Voris Johnson*, U.S. Dep't of Justice, Washington, D.C., for Respondent.

## DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On June 8, 2017, Dorothy Rowan, now deceased, filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program")[2] alleging that she

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). This means that the Decision will be available to anyone with access to the internet. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

developed Guillain-Barré syndrome ("GBS") following receipt of the influenza ("flu") vaccine on September 27, 2016. Petition (ECF No. 1) at 1. Both parties submitted expert/treater reports, and then (at my request) briefs addressing issues pertaining to onset. *See* Petitioner's brief, dated February 28, 2019 (ECF No. 24); Respondent's Opposition, dated March 21, 2019 (ECF No. 25); Petitioner's Reply, dated April 19, 2019 (ECF No. 26). They later obtained and filed supplemental expert reports addressing the extent to which Ms. Rowan's age might have impacted the expected timeframe for onset. After review of the aforementioned filings, I denied compensation by Decision dated April 28, 2020 (ECF No. 37). This determination was not appealed.

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, filed October 30, 2020 (ECF No. 41) ("Fees App."). Petitioner requests a final award of $93,341.22 ($88,674.85 in attorney's fees and $4,666.37 in costs) for the work of attorney Mr. Curtis Webb, as well as the supportive work of one paralegal. *Id.* at 2. The costs requested include expert fees, record retrieval, shipping, and costs of a conservatorship. *Id.*

Respondent reacted to the fees request on November 3, 2020. *See* Response, dated November 3, 2020 (ECF No. 42). Respondent is satisfied that the statutory requirements for an attorney's fees and costs award are met in this case, and otherwise defers to my discretion the calculation of a proper amount to be awarded. *Id.* at 2, 3.

## ANALYSIS

### I. Petitioner's Claim had Reasonable Basis

Under the Vaccine Act, a special master may award fees and costs to an unsuccessful petitioner if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See*, e.g., *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, slip op. at 5 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). In short, the claim's reasonable basis must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, No. 19-1596, slip. op. at 9–10 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. Reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation).

The standard for reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have

2

sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (2017).

Petitioner did not establish by preponderant evidence that it is medically acceptable to conclude that the flu vaccine could likely cause GBS within a 36-hour timeframe or that it did so in this case. However, Petitioner's claim had sufficient objective basis to justify a fees and costs award. It is largely undisputed that Ms. Rowan experienced GBS, an injury that has been credibly associated (for purposes of establishing Vaccine Act entitlement) with the flu vaccine, and her receipt of the flu vaccine was not at issue. Moreover, although I was not persuaded by Petitioner's showing on onset, the issue raised a reasonably-disputed question, and Petitioner endeavored to substantiate it with reliable scientific/medical evidence. Respondent for his part does not otherwise contest reasonable basis. Accordingly, a final award of fees and costs in this matter is appropriate.

## II.   Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the *Davis* exception). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates based on the years work was performed:

|  | 2016 | 2017 | 2018 | 2019 | 2020 |
|---|---|---|---|---|---|
| **Curtis Webb, Esq.** | $401/hour | $415/hour | $430/hour | $440/hour | $458.50/hour |
| **Alexander Webb, Paralegal** | - | $100/hour | - | $135/hour | $145/hour |

The rates requested for Mr. Webb and for the paralegal work are consistent with what he has previously been awarded, and I find no cause to modify them in this instance.[3] *Rothstein v. Sec. of Health & Human Servs.*, No. 14-778, WL 4013417, at *5 (Fed. Cl. Spec. Mstr. July 31, 2019) (awarding Mr. Curtis Webb forum rates); *D'Toile v. Sec. of Health & Human Servs.*, No. 15-085, 2018 WL 5578871, at *2 (Fed. Cl. Spec. Mstr. Sept. 6, 2018) (awarding Mr. Curtis Webb forum rates of $401/hour for 2016, $415/hour for 2017, and $430/hour for 2018).[4] This includes the increase sought for Mr Webb and Mr. Alexander Webb for work performed in 2019 and 2020. Petitioner indicated that the rates requested for Mr. Webb are the median forum rate from the Fee Schedule issued by the Office of Special Masters for attorneys with 35+ years' experience for 2019 and 2020. I find these rates reasonable and award them accordingly.

---

[3] Furthermore, the hourly rates requested are also consistent with the Office of Special Masters' fee schedule.

The 2015–2016 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf.

The 2017 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf.

The 2018 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf.

The 2019 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf.

The 2020 Fee Schedule can be accessed at:
https://www.uscfc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202020.PPI_OL.pdf.

The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

[4] In *D'Toile*, it was determined that Mr. Webb was entitled to forum rates. *D'Toile,* 2018 WL 5578871, at *2.

### III.     Calculation of Attorney Costs

Petitioner also requests an award of $4,666.37 for costs incurred, including expert fees for Dr. Lawrence Steinman, filing fees, record retrieval costs, and shipping costs. Fees App. at 8. Dr. Steinman billed at a rate of $500 per hour for a total of 6.5 hours. *Id.* This rate has previously been approved in the Program for his work, and I approve in this case as well. *Allen v. Sec. of Health & Human Servs.*, No. 11-051, 2013 WL 5229796, at *1 (Fed. Cl. Spec. Mstr. Aug. 23, 2013). Costs also include $571.01 in estate service-related issues associated with the need to have a representative appear after Ms. Rowan's death. Such costs are typical in Program cases, Respondent does not otherwise object to their reasonableness, and I therefore award them as requested.

### CONCLUSION

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of a final fees award, and based on the foregoing, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs. I therefore award a total of $93,341.22, reflecting $88,674.85 in attorney's fees and $4,666.37 in costs, in the form of a check payable to Petitioner's counsel, Mr. Curtis Webb, Esq.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[5]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.